COLLINS (JACQUES v.). See Cases Nos. 7,167 and 7,168.

## Case No. 3,015a.

### COLLINS v. JOHNSON.

[Hempst. 279.] [1]

Superior Court, D. Arkansas. July, 1835.

ACTION OF DEBT ON ACCOUNT—WAIVER OF TORT —EVIDENCE—WITNESS—INSTRUCTIONS.

1. An action of debt will lie on an account, as well as assumpsit.

2. A party may waive a tort, and sue in debt or assumpsit; when indebitatus assumpsit is maintainable, debt is also.

3. Testimony rejected; witness called to explain testimony, and instructions to jury,—all proper.

4. The case of Janes v. Buzzard [Case No. 7,206b] cited and approved.

Error to Clark county circuit court.

[At law. Action of debt by Balda C. Johnson against Moses Collins.]

Before JOHNSON and YELL, JJ.

YELL, Judge, delivered the opinion of the court. This was an action of debt, brought to recover the value of 4,007 pounds of seed cotton, delivered by Johnson to Collins to be ginned. A demand was made for the cotton, and a refusal by Collins, and upon that refusal Johnson, the plaintiff in the court below, commenced this suit before Isaac Ward, a justice of the peace, in an action of debt on account. There was a judgment before the justice of the peace in favor of the defendant, Collins, from which judgment Johnson prayed an appeal to the Clark circuit court; and at the October term of that court, 1833, Johnson recovered a judgment against Collins for the sum of fifty-two dollars and fifty-nine cents and costs, to which judgment this writ of error is prosecuted.

The plaintiff in error set up various grounds to reverse the judgment of the court below. (1) Because an action of debt will not lie to recover the price of cotton delivered at a gin, and a refusal to pay or redeliver, unless the cotton had been converted to cash, when the tort might be waived, and assumpsit sustained for money had and received to plaintiff's use. (2) The court refused to suffer a witness to state what the defendant Collins said or answered, when the demand for the cotton was made. (3) The court refused the witness permission to answer as to the solvency of Allen H. Johnson about the date of this transaction. (4) The court permitted a witness to be recalled and examined after he had been fully examined and discharged. (5) Exception to the in-

[1] [Reported by Samuel H. Hempstead, Esq.]

structions of the court. The first objection taken by the counsel for the plaintiff in error presents a comparatively new question in this court for determination. But one adjudication in this court is to be found, to aid us in coming to a correct decision. A similar point has been settled this term, in the case of Janes v. Buzzard [Case No. 7,206b]. By reference to the English authorities (1 Saund. 133; 1 Chit. 94; 1 Torenton, 112) it will be found that assumpsit would lie. The plaintiff Johnson might have his election to waive the tort and sue in assumpsit, and a judgment in assumpsit would be a bar to any other action, and vice versa if he elected to bring a tort or trover. That the action of assumpsit would have been good, this court does not feel any doubt. Debt may be due by contract, either express or implied, but it is not essential that the contract should be specific, or that any particular amount be expressed. It may arise on an implied contract. The action of debt will lie where the sum to be recovered can be ascertained; as upon an account stated, or for goods sold to the defendant for as much as they are worth. Doug. 6. This doctrine is sanctioned by Washington, J., in [Hughes v. Union Ins. Co. of Baltimore] 8 Wheat. [21 U. S.] 311, namely, that when indebitatus assumpsit is maintainable, debt is also. 3 Com. Dig. 365. The principles settled by such high authority this court is unwilling to disturb.

The second exception is for the rejection of testimony. In looking into the bill of exceptions, we find that the defendant in error introduced Adam Stroud to prove the demand for the cotton. The witness related a partial settlement between plaintiff and defendant. In that connection, plaintiff in error asked defendant in error if he had any other demands against him; he was answered that he had a cotton receipt for 4,007 pounds of cotton, drawn in favor of Allen Johnson, and which the plaintiff in error then refused to pay. The witness was then asked by the counsel for Collins to state all the conversation that took place at the time of the demand of the cotton by Collins, which was objected to by defendant's counsel, and the objection sustained. This court has not been able to see any error in the rejection of the testimony. Collins could not make himself a witness in his own cause, as was here attempted, unless some confessions of his had been introduced, which we are unable to find. The whole conversation was not evidence. The witness Stroud had mainly testified as to the demand and refusal. The refusal to pay the cotton when demanded would not make the whole conversation evidence, unless a part of the statement or confessions of Collins had been related, which made it important that all his statements in that conversation should be taken together. The bill of exceptions does not present such a state of facts as to authorize this court to reverse the decision of the court below on this point. The third error assigned is for the rejection of testimony as to the solvency of Allen H. Johnson about the date of this transaction. We are unable to see the relevancy of the question. It could not affect the judgment between the parties litigant, and this court is not prepared to say there was error in rejecting such testimony. The fourth assignment was for re-examining a witness after he had been fully examined and discharged. The general principle of law would exclude a witness, except as to some new matters, and to some point not before examined. By reference, however, to the bill of exceptions, it will be found that the witness A. H. Johnson was called to explain some matter in relation to the cotton receipt referred to in Stroud's testimony, which made it important and perhaps material to be explained. It was drawn out in answer to some statement made by Stroud on his examination, and which was not examined into in the first examination. Under this state of facts, we believe there was no error in the examination. The fifth error assigned is to the instructions of the court. The jury were told, that "if they believed from the evidence that the cotton in controversy was the same embraced in the receipt of defendant to Allen H. Johnson, for 4,007 pounds, they should find for the defendant, unless the receipt was given and obtained by fraud or mistake; and in that event, unless the plaintiff by some act of his recognized it, it would be their duty to consider the case as if the receipt had never been executed." Under that instruction and the evidence, the jury found a verdict for the defendant in error for the sum of fifty-two dollars and fifty-nine cents. Nothing is more clear, than that the defendant in error ought not to recover in this action, if he held the receipt bona fide of Allen H. Johnson for the same cotton in controversy. In that event, he should have commenced his action on the receipt in the name of Allen H. Johnson for his use. The other proposition is also true, that if they believed the receipt was obtained by fraud or mistake, then they were bound to view it as a nullity, and find for the plaintiff. There were several other errors assigned, which we deem not important to notice. We are unable to find in any of the assignments of error enough to reverse the judgment of the court below. Judgment affirmed.